IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CHIQUITA BOYLES, | ) Civil Action No. 3:05-2118-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SC DEPARTMENT OF ) | |
| MENTAL HEALTH, ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Defendant. ) | |
| ) | |

Plaintiff, Chiquita Boyles ("Boyles") filed this action on July 25, 2005. She alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("§ 1981").[1] Defendant, South Carolina Department of Mental Health ("SCDMH"), filed a motion for summary judgment on July 25, 2007. Boyles has not filed a response.[2]

SUMMARY JUDGMENT STANDARD

A party's failure to respond does not automatically entitle the moving party to summary judgment. As the Fourth Circuit stated in Custer v. Panamerican Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993),

> failure to respond, however, does not fulfill the burdens imposed on moving parties by Rule 56. Section (c) of Rule 56 requires that the moving party

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] The undersigned has addressed Plaintiff's claims on the merits. Alternatively, it is recommended that Plaintiff's claims be dismissed pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute.

> establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitled the party to "a judgment as a matter of law." The failure to respond does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.

Under this standard, the court is required to conduct an independent examination of the record to ascertain the existence, or absence, of genuine issues of material facts. Campbell v. Hewitt, Coleman & Assocs., Inc., 21 F.3d 52 (4th Cir. 1994). In this regard, the court must review the "record of filed depositions, answers to interrogatories, admissions, and affidavits" to determine whether there are material facts in dispute. Id. at 55-56. The moving party may discharge its duty by producing uncontroverted evidence and by arguing that there "is an absence of evidence by which the nonmovant can prove his case." Cray Communications, Inc., v. Novatel Computer Sys., Inc., 33 F.3d 390, 393-94 (4th Cir. 1994), (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 10 (2d ed. Supp. 1994), cert. denied, 513 U.S. 1991 (1995).

## FACTS

1. Boyles, an African-American female, began working full-time for the SCDMH in June 1990. She is presently employed by the SCDMH as a Fiscal Tech I. Complaint, Para. 7.

2. Sarah Hendrix ("Hendrix"), a Caucasian female, was a supervisor in Boyles' chain of command from 1987 through 1991 and again beginning in late 2002 or early 2003. Best Dep. 7, 12; Boyles Dep. 11.

3.  In approximately April 2004, Hendrix criticized Boyles about her work and remarked "Look, I don't want any trouble out of you. I have enough trouble with those two spooks out front." Boyles Dep. 14;[3] see also Defendant's Motion for Summary Judgment, Ex. 4, Statement of Funneaser Jacobs.

4.  Boyles stated that Hendrix must have been referring to two African-American employees, one of whom was Andrena Best ("Best"),[4] who had desks in the area commonly described by employees as "the front." Boyles Dep. 15-16.

5.  On April 21, 2004, Boyles and Best informed Funneaser "Neisie" Jacobs ("Jacobs"), an Employee Relations manager with the SCDMH, that Hendrix called Best a "spook." Boyles further stated that Hendrix called the Director of the SCDMH a "WOP" and used the term "rednecks." Jacobs informed William Noyes, SCDMH's Human Resources Director, of the complaint and he, in turn, informed John Bourne, the Director of Best's department. Jacobs Statement.

6.  Bourne agreed to perform an investigation when Hendrix returned from vacation. Best and Boyles also spoke to Marsha Sumner, Director of Reimbursement, and had additional conversations with Jacobs during that time. In May into early June, Bourne collected statements from Best, Bourne, Hendrix, Jacobs, and other supervisors and managers in the area. SCDMH provides that Bourne found that none of the statements corroborated either

---

[3] Hendrix denies making this remark. She states that she went to discuss a report with Boyles, Boyles did not notice Hendrix approach her desk, and when Hendrix got close, Boyles was momentarily startled. Seeing that Boyles was surprised, Hendrix stated to Boyles "I didn't mean to spook you." Hendrix Statement.

[4] Best has filed a separate action (Civil Action 3:05-2119-JFA-JRM) alleging racial harassment.

> Hendrix's or Best's versions of the conversation with Bourne. See Defendant's Motion for Summary Judgment, Ex. 6, Investigative Statements of Sumner, Betty Steadman.

7. No disciplinary action was taken against Hendrix, but she was counseled on SCDMH's anti-discrimination policies.

8. Both Best and Boyles testified that they had no further problems with Hendrix making racial slurs after they made their complaint. Boyles Dep. 22; Best Dep. 30-31.

9. In her deposition in this action, Boyles also stated that she heard rumors that Hendrix had used the term "nigger." Boyles Dep. 26-27.

10. Boyles filed a charge of discrimination with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission ("EEOC"). On April 26, 2005, Boyles received a Right to Sue notice from the EEOC. Complaint, Para. 6.

## DISCUSSION

Boyles appears to allege that the SCDMH subjected her to racial harassment[5] in violation of Title VII and § 1981.[6] SCDMH contends that it is entitled to summary judgment because the

---

[5] Boyles may also be attempting to assert a disparate treatment claim. See Complaint, Para. 13 ("That Defendant discriminated against Plaintiff on the basis of her race by treating her differently than similarly-situated white employees."). She fails, however, to establish a prima facie claim for disparate treatment as she has not shown that she was subjected to an adverse employment action or the alleged adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination. See Gairola v. Commonwealth of Virginia Dep't of General Serv., 753 F.2d 1281, 1286 (4th Cir.1985); Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir.), cert. denied, 516 U.S. 870 (1995); McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973).

[6] The standard for establishing claims of employment discrimination under either Title VII or §1981 is the same. See Gairola v. Commonwealth of Virginia Dep't of General Serv., 753 F.2d 1281, 1285-86 (4th Cir. 1985). Therefore, the analysis that follows, though couched in terms of Title VII, applies equally to Boyles' § 1981 claims.

alleged conduct was not severe and pervasive and SCDMH cannot be held liable for the harassment even if it was severe and pervasive.

To prevail on a Title VII hostile environment claim based on race, a plaintiff is required to present evidence establishing that "(1) the subject conduct was unwelcome; (2) it was based on the [race] of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." Spicer v. Virginia Dep't of Corrections, 66 F.3d 705, 710 (4th Cir.1995) (en banc); see also Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003).

In Faragher v. City of Boca Raton, 524 U.S. 775 (1998), the Supreme Court reaffirmed its previously articulated standard for determining when a plaintiff has established a hostile work environment in violation of Title VII, stating that a plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher, 524 U.S. at 787 (citing Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22(1993)).  Among the circumstances examined are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. at 21.

Boyles fails to establish a hostile work environment/harassment claim because she has not shown that the alleged actions were sufficiently severe and pervasive to alter her conditions of employment and to create an abusive work environment.  On November 27, 2006, SCDMH submitted the following requests to admit to Boyles:

1. A single complaint on or about April 20, 2004 is the only complaint to Defendant that Plaintiff made that Sarah Hendrix made racial remarks or

>    otherwise racially harassed Plaintiff or any other African American employee.
>
> 2. The single complaint consisted only of an allegation that Hendrix remarked that a different employee (Andrena Best) was a "spook."
>
> 3. Plaintiff was not significantly upset by the remark and the remark did not create an abusive work environment or alter the conditions of Plaintiff's employment.
>
> 4. Plaintiff did not complain that Hendrix made any other racially discriminatory remarks.
>
> 5. Hendrix did not make any other racially discriminatory remarks.
>
> 6. It is possible that Hendrix used the term "spook" in a non-racial manner.

Defendant's Motion for Summary Judgment, Ex. 8. SCDMH contends that these requests are deemed admitted under Federal Rule 36 because Boyles had until December 29, 2006 to submit a response to the requests to admit, but did not serve a response until February 2007 (Defendant's Motion for Summary Judgment, Ex. 9 - Certificate of Service). Boyles has not disputed this.

Based on these admissions, the only racially discriminatory remark of which Boyles complained was the "spook" comment. Boyles fails to show that the alleged "spook" comment constituted severe and pervasive conduct. See Robinson v. Montgomery Ward and Co., Inc., 823 F.2d 793, 797 (4th Cir.1987), cert. denied, 484 U.S. 1042 (1988)("occasional or sporadic instances of the use of racial or ethnic slurs in and of themselves do not constitute acts of racial discrimination."); Snell v. Suffolk County., 782 F.2d 1094, 1103 (2d Cir. 1986) ("To establish a hostile atmosphere, ... plaintiffs must prove more than a few isolated incidents of racial enmity"); Johnson v. Bunny Bread Co., 646 F.2d 1250, 1257 (8th Cir. 1981) (no violation of Title VII from infrequent use of racial slurs). Thus, Boyles fails to establish a claim for harassment.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion for summary judgment (Doc. 27) be granted.

                                            Respectfully submitted,

                                            s/Joseph R. McCrorey
                                            United States Magistrate Judge

November 27, 2007
Columbia, South Carolina